IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,                          :      CIVIL ACTION
                                   :      NO. 19-05925
          Plaintiff               :
                                   :
     v.                            :
                                   :
MCDONALD'S USA, LLC, et al.        :
                                   :
          Defendants.              :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         December 3, 2020

## I.   INTRODUCTION

This case involves claims by a sixteen-year-old Jane Doe Plaintiff against McDonald's USA and Tanway Enterprises, a McDonald's franchisee. Her claims arise from an employee's alleged misconduct during Doe's job interview. Doe brings claims against Tanway and McDonald's for sex and gender discrimination, hostile work environment, and intentional infliction of emotional distress, inter alia.

Tanway moves to dismiss only the intentional infliction of emotional distress claim against it for failure to state a claim. McDonald's moves to dismiss all counts against it, also for failure to state a claim.

For the reasons set forth below, the Court will grant the Motions to Dismiss.

## II.  BACKGROUND[1]

In April of 2018, Doe interviewed with store manager Darnell Penn for a "Crew Member" position at a Philadelphia McDonald's-brand restaurant owned by Tanway. After telling Doe he intended to move forward with hiring her, Penn asked Doe to unlock her cellphone so he could view its contents. She reluctantly complied, and he searched her device while asking increasingly personal questions, including about Doe's sexual activity.

Penn then handed his cellphone to Doe and asked her to review its contents. She began to scroll through images on his phone and saw sexually graphic pictures, including photographs of nude women and what appeared to be Penn's exposed genitals. Penn concluded the interview by demanding that Doe provide him with her phone number and informing her of her employment start date at the restaurant. Doe quickly left. She was so disturbed by Penn's conduct that she did not accept the position.

Doe subsequently brought the instant action, and Defendants moved to dismiss for failure to state a claim. On May 22, 2020, the Court granted McDonald's USA's Motion to Dismiss the First Amended Complaint and granted in part and denied in part Tanway's Motion to Dismiss. ECF No. 33. The Court also granted

---

[1]    As required at the motion to dismiss stage, the Court accepts all well-pled factual allegations as true. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

leave to amend, and Doe filed a Second Amended Complaint. ECF No. 34. Tanway's and McDonald's USA's Motions to Dismiss the Second Amended Complaint are presently before the Court.

## III. LEGAL STANDARD

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing such a motion, the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from [the allegations] after construing them in the light most favorable to the non-movant." Conard v. Pa. State Police, 902 F.3d 178, 182 (3d Cir. 2018) (quoting Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

3

## IV.   DISCUSSION

### A.   <u>Tanway's Motion to Dismiss</u>

Tanway moves to dismiss Doe's intentional infliction of emotional distress ("IIED") claim against it for failure to state a claim.

To prevail on an IIED claim, a plaintiff must, "at the least, demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff." <u>Reedy v. Evanson</u>, 615 F.3d 197, 231 (3d Cir. 2010) (quoting <u>Swisher v. Pitz</u>, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005)). Pennsylvania courts have found liability on IIED claims "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Id.</u> at 231–32 (quoting <u>Field v. Phila. Elec. Co.</u>, 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)); <u>see also</u> <u>Cheney v. Daily News L.P.</u>, 654 F. App'x 578, 583–84 (3d Cir. 2016) ("Pennsylvania courts have found extreme and outrageous conduct only in the most egregious of situations, such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children.").

4

Doe brings her IIED claim not against Penn, but against Tanway. To hold Tanway liable for Penn's allegedly tortious conduct, she must rely on vicarious liability.

Under the theory of respondeat superior, an employer "is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment." Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 39 (Pa. Super. Ct. 2000) (citing Fitzgerald v. McCutcheon, 410 A.2d 1270 (Pa. Super. Ct. 1979)). An employer's vicarious liability "may extend even to intentional or criminal acts committed by the employee." Id. An employee's conduct is considered "within the scope" of his employment for purposes of vicarious liability if:

> (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.

Spitsin v. WGM Transp., Inc., 97 A.3d 774, 778 (Pa. Super. Ct. 2014) (quoting Costa v. Roxborough Mem'l Hosp., 708 A.2d 490, 493 (Pa. Super. Ct. 1998)).

Even assuming, arguendo, that Penn's alleged conduct rises to the level of "extreme and outrageous" under Pennsylvania law, a less than certain proposition, Doe fails to state an IIED claim against Tanway because she cannot plausibly allege that

Penn's conduct occurred within the scope of his employment.
While conducting interviews may well have been part of Penn's
job, the Second Amended Complaint fails to plausibly allege that
the particular conduct at issue——i.e., showing Doe sexually
graphic photographs on his cellphone——is conduct that Penn was
"employed to perform" or that was "actuated, at least in part,
by a purpose to serve" Tanway. See id.; see also Bissett v.
Verizon Wireless, 401 F. Supp. 3d 487, 495 (M.D. Pa. 2019)
("[T]here is no conceivable explanation as to why the conduct
giving rise to this case would serve [the defendant's]
business."). Because Doe fails to plausibly allege that Penn's
conduct occurred within the scope of his employment, she cannot
hold Tanway vicariously liable.

Therefore, the Court will grant Tanway's Motion to Dismiss
the IIED claim.

B. **McDonald's USA's Motion to Dismiss**

McDonald's seeks dismissal from this action, arguing: (1)
Doe fails to plausibly allege McDonald's is a joint employer and
(2) Doe's claims against McDonald's constitute impermissible
group pleading.

1. Joint employer status

Doe brings claims against McDonald's under Title VII, as
well as under state and local antidiscrimination ordinances. She

seeks to hold McDonald's liable for her claims based on a theory of joint employer liability.

Two distinct entities may be liable for the same Title VII violation if the entities are joint employers. Graves v. Lowery, 117 F.3d 723, 727 (3d Cir. 1997)). A joint employment relationship exists when "two entities exercise significant control over the same employees." Id. To determine whether an entity exercises significant control over an employee, courts consider the factors articulated in Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318, 323–24 (1992).[2] See Faush v. Tuesday Morning, Inc., 808 F.3d 208, 213 (3d Cir. 2015). The essence of the Darden test is whether the entity has "the right to control the manner and means by which the product is accomplished." Darden, 503 U.S. at 323.

When determining whether a joint employment relationship exists, district courts in this circuit focus on the following three factors: "(1) the entity's 'authority to hire and

---

[2]    Darden identifies the following non-exhaustive factors relevant to determining whether an entity exercises such control: (1) the skill required; (2) the source of the instrumentalities and tools; (3) the location of the work; (4) the duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in business; (11) the provision of employee benefits; and (12) the tax treatment of the hired party. Darden, 503 U.S. at 323–24.

fire employees, promulgate work rules and assignments, and set
conditions of employment, including compensation, benefits, and
hours'; (2) its 'day-to-day supervision of employees, including
employee discipline'; and (3) its 'control of employee records,
including payroll, insurance, taxes and the like.'" <u>Plaso v.
IJKG, LLC</u>, 553 F. App'x 199, 204-05 (3d Cir. 2014) (collecting
cases). "Determination of whether a defendant is a 'joint
employer' under Title VII requires careful consideration
of <u>all</u> the circumstances surrounding the work relationship," and
no one factor is dispositive. <u>Washington v. ABM Janitorial
Servs.</u>, No. CIV.A. 11-6462, 2013 WL 6047494, at *4 (E.D. Pa.
Nov. 15, 2013).

Doe argues McDonald's "exercises a high level of control
over the Defendant Tanway, thereby creating a joint employer
relationship." Pl.'s Resp. Opp'n Def.'s Mot. Dismiss 17, ECF No.
40. To assess this argument, the Court will consider the above
factors seriatim.

> i.   <u>Authority to hire and fire, promulgate work
>       rules, and set conditions of employment</u>

Doe alleges that, under the franchise agreement between the
Defendants, McDonald's "maintained significant control over
[Tanway's] daily operations" and "controlled the means of
conducting business and supervising employees, including areas
of business operations, inventory, booking and accounting."

8

Second Am. Compl. ¶¶ 19-20, ECF No. 34. These allegations are conclusory in nature and therefore insufficient to state a cause of action.

Doe also alleges that McDonald's "provided explicit detail in their operations manuals, including express business practices and policies." Id. ¶ 19. McDonald's instructed Tanway as to "the hours of operations of the restaurant," "expressly required the employment of adequate personnel to operate the location," and "dictat[ed] the precise uniforms [employees] would be required to wear." Id. ¶ 18. These actions, assumed true, fall short of setting conditions of employment. See Chavez v. McDonald's Corp., No. 19-cv-00164, 2020 WL 1322864, at *4 (D. Colo. Mar. 20, 2020) ("Plaintiffs must allege more than that McDonald's Corporation or McDonald's USA controlled the [franchisee's] 'operations.'"). Further, Doe fails to plausibly allege that McDonald's had the authority to hire or fire Doe or Penn. This factor weighs against Doe.

ii.  Day-to-day supervision

Doe alleges that McDonald's "had the express control and ability to mandate business managers receive training specifically provided by . . . McDonald's." Second Am. Compl. ¶ 21, ECF No. 34. However, she does not allege that she and/or Penn received any such training from McDonald's. Nor does Doe allege that McDonald's engaged in employee discipline at the

store where the alleged conduct occurred. This factor weighs against Doe.

### iii.   Control of employee records

Doe alleges that McDonald's "maintained the right to inspect all aspects of the [restaurant location] including bookkeeping, accounting and tax records to ensure compliance." Id. ¶ 26. While this allegation provides some support for a finding that McDonald's exercised control over employee records, see Harris v. Midas, No. CV 17-95, 2017 WL 5177668, at *2 (W.D. Pa. Nov. 8, 2017), Doe does not allege that McDonald's had any authority to "review payroll, personnel files, or other records not pertaining to sales of [its] products." Gift v. Travid Sales Assocs., Inc., 881 F. Supp. 2d 685, 692 (E.D. Pa. 2012) (Robreno, J.). This factor is, at best, neutral.

### iv.   Balance of the factors

Given these factors and the other alleged circumstances surrounding the work relationship at issue, see Darden, 503 U.S. at 323-24, Doe fails to plausibly allege that McDonald's and Tanway are joint employers. Therefore, she cannot hold McDonald's liable for Tanway's alleged Title VII violations.[3]

---

[3]     Because Doe fails to plausibly allege that McDonald's USA was an employer of Doe or Penn, her tort claims against McDonald's (intentional infliction of emotional distress and negligent training and supervision) also fail.

Accordingly, the Court will dismiss the claims against McDonald's USA.[4]

**V.   CONCLUSION**

For the foregoing reasons, the Court will grant Tanway's and McDonald's USA's Motions to Dismiss. An order consistent with this memorandum will issue.

---

[4]      Because the Court will grant McDonald's USA's Motion to Dismiss for failure to plausibly allege joint employer status, it need not reach the alternative argument that Doe's claims against McDonald's constitute impermissible group pleading in violation of Rule 8 of the Federal Rules of Civil Procedure.