```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

   JANE DOE,                        :    CIVIL ACTION
                                    :    NO. 19-05925
         Plaintiff,                 :
                                    :
      v.                            :
                                    :
   TANWAY ENTERPRISES, L.P.         :
                                    :
         Defendant.                 :
```

**ORDER**

**AND NOW**, this **9th** day of **November, 2021**, it is **ORDERED** that Plaintiff's motion for leave to file a reply memorandum is **GRANTED** [**ECF No. 64**]. It is further **ORDERED** that, upon consideration of Plaintiff's motion to proceed pseudonymously [**ECF No. 61**], Plaintiff's motion is **GRANTED in part and DENIED in part.**[1] Plaintiff may proceed pseudonymously throughout the

---

[1] Upon consideration of Federal Rule of Civil Procedure 26(c) and the relevant factors outlined in Doe v. Megless, 654 F.3d 404 (3d Cir. 2011), the Court finds that the factors weigh in favor of permitting Plaintiff to proceed pseudonymously throughout the remainder of discovery. However, once discovery concludes, the Court finds that Plaintiff will be unable to overcome the "'presumptive right of public access to pretrial motions of a nondiscovery nature.'" In re Avandia Mktg., Sales Practices and Prods. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019) (citing Bank of Am. Nat. Trust and Dav. Ass'n Hotel Rittenhouse Associates, 800 F.2d 339, 344 (3d Cir. 1986)). As "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings,'" the Court finds that once the case proceeds to motions for summary judgment, and potentially to trial, Plaintiff will be unable to show that a reasonable fear of harm outweighs the public's right of access. Megless, 654 F.3d at 408 (citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000));

remainder of discovery, but Plaintiff may not proceed pseudonymously once discovery concludes and the parties file their respective motions for summary judgment.

    **AND IT IS SO ORDERED.**

                                            */s/ Eduardo C. Robreno*
                                            **EDUARDO C. ROBRENO, J.**

---

see also Doe v. College of New Jersey, 997 F.3d 489, 495 (3d Cir. 2021) (same).