# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMIAH MARCELLUS, <br><br> Plaintiff, <br><br> v. <br><br> TANWAY ENTERPRISES, L.P., <br><br> Defendant. | Civil Action No. 2:19-cv-05925 <br><br> Hon. Eduardo C. Robreno |

### TANWAY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO BIFURCATE TRIAL AND ADDRESS THE THRESHOLD ISSUE OF PLAINTIFF'S STATUS AS AN EMPLOYEE IN PHASE ONE

Jay E. Kagan, Esquire
(Pa. Id. No. 76204)
Patrick J. Hamlet, Esquire
(Pa. Id. No. 327531)
**DILWORTH PAXSON LLP**
1500 Market Street, Ste. 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7138
Facsimile: (215) 575-7200
jkagan@dilworthlaw.com
phamlet@dilworthlaw.com

*Attorneys for Defendant, Tanway Enterprises, L.P.*

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION**................................................................................................................... | 1 |
| **II.** | **FACTUAL AND PROCEDURAL BACKGROUND** ........................................................... | 1 |
| **III.** | **LEGAL STANDARD** ........................................................................................................... | 2 |
| **IV.** | **ARGUMENT** ........................................................................................................................ | 3 |
| | A.   Bifurcation of the Trial Would Result in the Conservation of Judicial Resources............. | 3 |
| | B.   Defendant would be Prejudiced if this case is not Bifurcated into Phases. ....................... | 6 |
| **V.** | **CONCLUSION** ..................................................................................................................... | 7 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AstenJohnson v. Columbia Cas. Co.*,
 No. CIV.A. 03-1552, 2006 WL 1791260, at *2 (E.D. Pa. June 22, 2006) ...............................2

*Brown v. J. Kaz, Inc.*,
 581 F.3d 175 (3d Cir. 2009)..................................................................................................4

*Enzo Life Scis., Inc. v. Digene Corp.*,
 No. CIV.A. 02-212-JJF, 2003 WL 21402512, at *4 (D. Del. June 10, 2003) ..........................3

*Idzojtic v. Pennsylvania R.R. Co.*,
 456 F.2d 1228 (3d Cir.1972)..................................................................................................2

*Kirleis v. Dickie, McCamey & Chilcote, P.C.*,
 No. 06CV1495, 2009 WL 3602008, at *5 (W.D. Pa. Oct. 28, 2009), *aff'd*, No.
 09-4498, 2010 WL 2780927 (3d Cir. July 15, 2010)..............................................................3, 4

*Lis v. Robert Packer Hosp.*,
 579 F.2d 819 (3d Cir.1978)....................................................................................................2

*Miller v. New Jersey Transit Auth. Rail Operations*,
 160 F.R.D. 37 (D.N.J. 1995)..................................................................................................6

*Ramos v. S. Fla. Express Bankserv, Inc.*,
 No. 08-23382-CIV, 2010 WL 11505846, at *4 (S.D. Fla. Nov. 29, 2010) ..............................5

*Sanders v. City and County of Honolulu*,
 2021 WL 3376821 at *2 (D. Haw. Aug. 3, 2021) ...................................................................4

*Vondriska v. Cugno*,
 No. 8:07-CV-1322-T-24, 2010 WL 3245426, at *2 (M.D. Fla. Aug. 17, 2010).....................5

*Wassman v. City of Dana Point*,
 No. 8:18-CV-468-JLS-DFM, 2018 WL 5906346, at *6 (C.D. Cal. July 2,
 2018) .......................................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 42(b)....................................................................................................................1, 2, 3

123092877-2

**I.      INTRODUCTION**

The issue underlying this Motion is relatively simple. There exists a discrete threshold issue in this case regarding whether Plaintiff was an "employee" under Title VII, the Pennsylvania Human Relations Act (the "PHRA"), and the Philadelphia Fair Practices Ordinance (the "PFPO") at the time she was allegedly subjected to harassment. Such claims are only available to an "employee." Accordingly, if Plaintiff was not an employee at that time, then she cannot proceed with her hostile work environment claims and her remaining triable issues become irrelevant.

Therefore, in light of the potential efficiencies created by addressing this threshold question of Plaintiff's employment status in a first phase of trial ("Phase One"), Defendant Tanway Enterprises, L.P. ("Tanway") requests that the Court bifurcate the trial of this matter into two phases under Federal Rule of Civil Procedure 42(b). Thereafter, if it is determined that Plaintiff was an employee in Phase One, then Plaintiff should be permitted to proceed with trial as to liability and damages on her hostile work environment claim ("Phase Two").

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff in this action is an individual who sought employment at a McDonalds franchise owned by Defendant Tanway in Philadelphia. Plaintiff alleges that at her interview for employment at Tanway, she was subjected to harassment by a now-former employee of Tanway, Darnell Penn.

On December 7, 2021, Tanway moved for Summary Judgment on, among other things, Plaintiff's hostile work environment claims. On June 6, 2022, the Court granted Defendant's Motion for Summary Judgment in part, but denied it as to Plaintiff's hostile work environment claims. The Court agreed with Defendant that "[f]undamentally, a hostile work environment claim must be brought by an employee against her employer." [ECF No. 71]. However, because at

1

summary judgment, the Court must view the evidence in a light most favorable to Plaintiff, the Court found that there were genuine issues of material fact as to the following questions:

- Was Penn authorized to offer Plaintiff the job?
- Did Plaintiff accept the offer?
- Was the offer contingent on Plaintiff returning the following Sunday for new employee orientation?
- If the offer was not contingent, did Plaintiff reject the offer, or was Plaintiff constructively discharged after she was subject to the alleged harassment and chose not to report for work?
- Would a reasonable jury find the alleged harassment to be sufficiently severe?

*Id.*

Because the issue of Plaintiff's employment status remains outstanding and is a necessary threshold issue to the determination of whether Plaintiff can assert a hostile work environment claim under Title VII, the PHRA, and the PFPO, Defendant now moves this Court to bifurcate trial in this matter into two phases and to address Plaintiff's employment status in Phase One of the trial.

### III.  LEGAL STANDARD

Motions to bifurcate are governed by Federal Rule of Civil Procedure 42(b). Under Rule 42(b), the Court may order "a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for the purpose of "convenience, to avoid prejudice, or to expedite and economize." Fed.R.Civ.P. 42(b). "Whether to bifurcate a trial is a 'matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance.'" *AstenJohnson v. Columbia Cas. Co.*, No. CIV.A. 03-1552, 2006 WL 1791260, at *2 (E.D. Pa. June 22, 2006) (quoting *Lis v. Robert Packer Hosp.,* 579 F.2d 819, 824 (3d Cir.1978)); *see also Idzojtic v. Pennsylvania R.R. Co.,* 456 F.2d 1228, 1230 (3d Cir.1972) ("The district court is given broad discretion in reaching its decision whether to separate the issues of liability"). In

exercising their broad discretion to bifurcate issues for trial under Rule 42(b), Courts "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Enzo Life Scis., Inc. v. Digene Corp.*, No. CIV.A. 02-212-JJF, 2003 WL 21402512, at *4 (D. Del. June 10, 2003).

IV. **ARGUMENT**

The issues presented in this case are perfectly suited for bifurcation. Here, there exists a relatively discrete legal question: whether plaintiff was an employee such that she can proceed with her hostile work environment claims. Under Rule 42(b), deciding this legal issue in a bifurcated proceeding has the potential to conserve judicial resources by potentially sparing the parties and the Court from the expense of a jury trial and would further save the Defendant from potential prejudice of proceeding to trial on all issues at once.

    **A. Bifurcation of the Trial Would Result in the Conservation of Judicial Resources.**

By addressing Plaintiff's status as an employee in Phase One, the Court could limit the need to proceed with the jury trial on liability and damages in Phase Two. Indeed, the issue of whether Plaintiff was an employee under Title VII is a threshold issue that, once decided, could negate the need for any further testimony or trial. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, No. 06CV1495, 2009 WL 3602008, at *5 (W.D. Pa. Oct. 28, 2009), *aff'd*, No. 09-4498, 2010 WL 2780927 (3d Cir. July 15, 2010) ("the question of whether Ms. Kirleis is an employee is a 'preliminary threshold issue'.")

At this juncture, Plaintiff's case only involves hostile work environment claims against Tanway under Title VII, the PHRA, and the PFPO. A requirement of a hostile work environment claim is that the Plaintiff must be an employee of the Defendant to proceed with the claim. ECF No. 71 at 12; *see also Wassman v. City of Dana Point*, No. 8:18-CV-468-JLS-DFM, 2018 WL

3

5906346, at *6 (C.D. Cal. July 2, 2018) (finding that because an applicant plaintiff "was not an employee of the City of Dana Point, she will not, as a matter of law, be able to show that any alleged harassment altered the conditions of her employment."); *Sanders v. City and County of Honolulu*, 2021 WL 3376821 at *2 (D. Haw. Aug. 3, 2021) (dismissing job applicant's hostile work environment claim on the grounds that "a non-employee 'will not, as a matter of law, be able to show that any alleged harassment altered the conditions of her *employment*.'")

Bifurcating the trial into these two phases would therefore conserve judicial resources since Phase One of the trial would be potentially case dispositive. If the Court determined in Phase One of the trial that the Plaintiff was not an employee, then the Court would save on subsequent days of a jury trial, which would include, among other things, jury selection, testimony as to liability and damages, expert testimony, and jury deliberations. The evidence in Phase One and Phase Two likely would not overlap as Phase One would be targeted at simply whether Plaintiff was an employee at the time of her interview, rather than her alleged harm suffered or the facts of the alleged harassment.

Importantly, Defendant believes that Phase One of the trial should be a bench trial as Plaintiff's status as an employee should be a legal issue for the Court to decide. *See Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181 (3d Cir. 2009) (affirming the trial court's determination of the threshold issue of the Plaintiff's employment status under Title VII and the PHRA using the common law agency test). Furthermore, at trial, Plaintiff would bear the burden of showing that she is an employee under Title VII. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, No. 06CV1495, 2009 WL 3602008, at *5 (W.D. Pa. Oct. 28, 2009), *aff'd*, No. 09-4498, 2010 WL 2780927 (3d Cir. July 15, 2010) ("plaintiff bears the burden of proving that she was an employee."); *see also Brown v. J. Kaz, Inc.,* No. CIV. A. 07-0859, 2008 WL 2129887, at *3 (W.D.

4

Pa. May 20, 2008), *aff'd in part, rev'd in part*, 581 F.3d 175 (3d Cir. 2009) ("Under Title VII, and therefore the PHRA, this court does not have jurisdiction unless Brown can establish that she is an employee").

Courts have found that bifurcation is appropriate where a plaintiff's employment status is at issue. In a case addressing a plaintiff's employment status under the FLSA, the District Court in the Middle District of Florida found that where employment status is at issue, such discrete legal issues that would be decided by the Court "lend[] [themselves] … to a separate trial." *Vondriska v. Cugno*, No. 8:07-CV-1322-T-24, 2010 WL 3245426, at *2 (M.D. Fla. Aug. 17, 2010). The Court specifically found that because it would hold a bench trial on the issue of employment status in Phase One, "a separate trial would further convenience and avoid prejudice." *Id.*; *See also Ramos v. S. Fla. Express Bankserv, Inc.,* No. 08-23382-CIV, 2010 WL 11505846, at *4 (S.D. Fla. Nov. 29, 2010) ("The threshold inquiries in this case are whether Plaintiffs are employees and Defendants are employers as defined under FLSA, questions of law to be decided by a non-jury trial … [T]rying the legal issues of the employee/employer relationship first in a non-jury trial case will allow for the case to proceed, if necessary, to a second phase on liability and damages to be decided by a jury.")

Accordingly, the Court in this case could similarly conserve its resources by bifurcating the trial into two phases, thereby eliminating the need to proceed with jury selection and the remainder of trial unless Plaintiff is first able to establish that she is an employee in Phase One.[1]

---

[1] It should be noted that even if the Court were to disagree that the issue in Phase One is properly suited for a bench trial, Defendants would still argue that judicial resources could still be conserved with bifurcation. Indeed, despite bifurcation, the issues in Phase One and Phase Two could be presented to the *same* jury – that jury would just be required to consider the Phase One issues first before being presented with the facts and testimony of Phase Two. In the event Plaintiff fails to prove that she is an employee during Phase One, bifurcation would still save the jury from having to be called for additional time to address the remaining issues in Phase Two.

**B. Defendant would be Prejudiced if this case is not Bifurcated into Phases.**

Furthermore, if the trial is not bifurcated into phases, Defendant Tanway would suffer prejudice. As an initial matter, having the determination of Plaintiff's employment status muddled together with testimony regarding liability and damages would be prejudicial to Defendant because sympathetic jurors may wish to provide Plaintiff with some compensation for the alleged harassment she faced regardless of whether Plaintiff was an employee. *See Miller v. New Jersey Transit Auth. Rail Operations*, 160 F.R.D. 37, 41 (D.N.J. 1995) (finding that trial should be trifurcated where Court found that the defendants would suffer "actual prejudice" if the jury were aware of the severity of plaintiff's injuries during the liability stage because "sympathetic jurors might be inclined to award Plaintiff some money, no matter how small, regardless of fault, if they were aware of the magnitude of the injuries.") Having the determination of plaintiff's entitlement to proceed with a hostile work environment claim be bifurcated in a separate Phase One – completely divorced from the details of the alleged harassment she faced and alleged damages – would nullify that potential prejudice.

Additionally, if the case were not bifurcated, Defendant would be further prejudiced in that it would have to pay for an entire trial (including Plaintiff's allegations of liability and damages) even in a situation where Plaintiff is unable to establish the threshold issue of her employment status. Accordingly, by bifurcating the trial, Defendant would not be forced to endure the costs of holding an entire trial as to its liability and Plaintiff's damages on a claim she has no standing to assert. Relatedly, Plaintiff would suffer no harm by bifurcating the trial into phases. If she is able to prove the threshold issue that she is an employee under Title VII, the PHRA, and the PFPO, she still has every right to continue her trial in front of a jury. *Miller*, 160 F.R.D. at 41 (finding that "concerns of judicial economy and clarification of crucial issues for the jury vastly outweigh any

6

concern of prejudice to the Plaintiff" because "[a]lthough presented in different segments, the issues, and related evidence, will be heard by the same jury.")

## V. CONCLUSION

For the foregoing reasons, the trial should be bifurcated into two phases, with the issue of Plaintiff's employment status tried first by the Court in Phase One and the remainder of Plaintiff's claims being tried in a Phase Two jury trial, only if there is a finding of an employment relationship.

Dated: January 25, 2023                                    Respectfully Submitted,

                                        **DILWORTH PAXSON LLP**

                                      By:   */s/ Jay E. Kagan*
                                      Jay E. Kagan, Esquire
                                      (Pa. Id. No. 76204)
                                      Patrick J. Hamlet, Esquire
                                      (Pa. Id. No. 327531)
                                      1500 Market Street, Ste. 3500E
                                      Philadelphia, PA 19102
                                      Telephone: (215) 575-7138
                                      Facsimile: (215) 575-7200
                                      jkagan@dilworthlaw.com
                                      phamlet@dilworthlaw.com

                                      *Attorneys for Defendant, Tanway Enterprises, L.P.*