IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMIAH MARCELLUS, <br><br> Plaintiff, <br><br> v. <br><br> TANWAY ENTERPRISES, L.P., <br><br> Defendant. | Civil Action No. 2:19-cv-05925 <br><br> Hon. Eduardo C. Robreno |

**DEFENDANT, TANWAY ENTERPRISES, L.P.'S MEMORANDUM OF LAW REGARDING DARNELL PENN'S GUILTY PLEA STATEMENTS**

On January 25, 2023, Defendant Tanway Enterprises, L.P. ("Tanway") moved this Court to exclude evidence regarding Darnell Penn's ("Penn") criminal history, including his guilty plea to offenses regarding Plaintiff and others regarding other bad acts. ECF. Dkt. 83. This Court granted the motion in part and took it under advisement in part. ECF Dkt. 97. Tanway submits this brief in response to additional factual developments and legal arguments raised prior to trial.

**I. Statements Made by Penn During Criminal Proceedings Are Not Admissible against Tanway as Opposing Party Statements.**

After the termination of his employment by Tanway, Mr. Penn was arrested and charged with crimes in relation to his actions during Plaintiff's job interview and other, unrelated, subsequent bad acts. Eventually, Mr. Penn plead guilty to those offenses and allocated statements regarding the same (the "Guilty Plea Statements)".

The Rules of Civil Procedure create a narrow exception to hearsay for statements made by opposing parties. Mr. Penn is not a party in this matter, and therefore a statement under any of these exceptions must be a statement *by Tanway* attributable *to Tanway* at the time it was made. There are five categories of opposing party statements which are admissible as non-hearsay. The one which Plaintiff has argued might apply is a statement that "was made by the party's agent or

employee on a matter within the scope of that relationship and while it existed." Fed.R.Evid. 801(d)(2)(D). The Guilty Plea Statements fall short of that standard.

As an initial matter, it is beyond dispute that the Guilty Plea Statements were made *long* after Mr. Penn's employment with Tanway has terminated. The rule requires the statement be made "**while [the agency relationship] existed**." *Id.* (emphasis added). That requirement should end the inquiry, as these Guilty Plea Statements were not made while Mr. Penn was employed by Tanway, but rather, much later. District Courts considering this issue have routinely noted that Rule 801(d)(2)(D) does not apply to statements made by former employees after employment has ceased. *See, e.g.*: *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 786 (5th Cir. 2018) ("Rule 801(d)(2)(D) does not apply to resignation letters, where the employee is no longer "inhibited by [his] relationship with the principal."); *Sequa Corp. v. Lititech, Inc.*, 807 F. Supp. 653, 667 (D. Colo. 1992) ("After leaving the organization's employ, a former employee cannot bind the organization as a matter of law. See, e.g., Rule 801(d)(2)(D)"); *Siguel v. Trustees of Tufts Coll.,* No. CIV. A. 88-0626-Y, 1990 WL 29199, at *4 (D. Mass. Mar. 12, 1990) ("[A] former employee enjoys no present, ongoing agency relationship with the corporate party that would make her statements binding on the corporation under Rule 801(d)(2)(D)"); *Valassis v. Samelson*, 143 F.R.D. 118, 122 (E.D. Mich. 1992) ("Nor is a former employee a person whose statement may constitute an admission in that such admission under Fed.R.Evid. 801(d)(2)(D) must be made during the existence of the employment relationship."); *Jenkins v. Wal-Mart Stores, Inc.,* 956 F. Supp. 695, 696 (W.D. La. 1997) ("A statement issued by a former employee after the employment ceased, is inadmissible in court"); *Cole v. Appalachian Power Co.*, 903 F. Supp. 975, 978 (S.D.W. Va. 1995) ("statements of former employees cannot be considered an admission against the employer since they were not "made during the existence of the relationship[.]").

Further, the rule requires the statement to be made "on a matter within the scope of that [agency] relationship." *Id.* This Court has already held as the law of the case that Mr. Penn's conduct (inappropriate behavior during the job interview) was *outside* the scope of his employment relationship with Tanway. ECF Dkt. 47 at 5-6. For that reason, too, the Guilty Plea Statements cannot be admitted against Tanway.

The other exceptions also clearly do not apply. The Guilty Plea Statements were not made by Tanway in an individual or representative capacity. *Id.* at (d)(2)(A). The Guilty Plea Statements are not ones that Tanway has manifested that it adopted or believed to be true. *Id.* at (d)(2)(B). The Guilty Plea Statements were not ones made by someone Tanway authorized to make on the subject. *Id.* at (d)(2)(C). Finally, there is no allegation that Tanway was involved in a conspiracy with Mr. Penn and therefore the Guilty Plea Statements was not made by a co-conspirator. *Id.* at (d)(2)(E) .

|  |  |
|---|---|
| Dated: April 25, 2023 | Respectfully Submitted, <br> */s/ Jay E. Kagan* <br> DILWORTH PAXSON LLP <br> Jay Kagan, Esquire <br> Atty. ID No. 79204 <br> 1500 Market Street, Suite 3500E <br> Philadelphia, PA 19102-2101 <br> P: (215) 575-7000 / F: (215) 575-7200 <br> jkagan@dilworthlaw.com <br> *Attorney for Defendant,* <br> *Tanway Enterprises, L.P.* |

## CERTIFICATE OF SERVICE

    I, Jay E. Kagan, Esquire, hereby certify that on this date the foregoing Defendant Tanway Enterprises, L.P.'s Memorandum of Law was submitted to the Court and served on Plaintiff's counsel by E-Filing.

                                BY:   */s/ Jay E. Kagan*

                                        Jay E. Kagan

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMIAH MARCELLUS, | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| TANWAY ENTERPRISES, L.P., | : No. 2:19-cv-05925-ER |
| Defendants. | : |

## **ORDER**

**AND NOW**, this _____ day of _____ 2023, upon consideration of briefing on the subject, it is hereby **ORDERED** that evidence Darnell Penn's criminal conviction, penalty, an collateral consequences thereof is inadmissible and the Parties will make no reference to it.

**BY THE COURT:**

_____
Judge Eduardo C. Robreno, J.

123226115-1