**DEREK SMITH LAW GROUP, PLLC**
CAROLINE H. MILLER, ESQUIRE
Attorney ID No. 321420
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
caroline@dereksmithlaw.com
*Attorneys for Plaintiff Tamiah Marcellus*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMIAH MARCELLUS, : | |
| : | |
| Plaintiff, : | Civil Action No. 2:19-cv-05925-ER |
| v. : | |
| : | **Memorandum of Law in Support of** |
| TANWAY ENTERPRISES, L.P., : | **Plaintiffs' Motion for an Award of** |
| : | **Reasonable Attorneys' Fees and Costs** |
| Defendant. : | |

**I.      Introduction**

Pursuant to 42 U.S.C. § 2000e-5(K), 43 P.S. § 962, Philadelphia Code § 9-110(1)(iii), Federal Rule of Civil Procedure 54(d), and United States District Court for the Eastern District of Pennsylvania Local Civil Rule 54.1, Plaintiff Tamiah Marcellus respectfully seek reimbursement for attorneys' fees and out-of-pocket costs incurred by Plaintiff's counsel in successfully achieving a verdict in this matter.

On August 13, 2018, Plaintiff filed charge a of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), the Pennsylvania Human Relations Commission ("PHRC"), and the Philadelphia Commission on Human relations alleging violations of Title VII, the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100 et. seq. ("PFPO").

On December 16, 2019, Plaintiff filed her initial Federal Complaint. After many years of litigation, motion practice, and extensive discovery, this case was tried by a jury with Hon.

1

Eduardo C. Robreno presiding; and on April 28, 2023, the jury rendered a verdict in favor of Plaintiff finding that Defendant Tanway Enterprises, L.P. had intentionally sexually harassed, Ms. Marcellus during the course of her employment with Defendant. The jury awarded compensatory damages in the amount of $18,060.00.

On May 1, 2023, the Court entered judgment for Plaintiff as to liability on all claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), , the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").

Plaintiff now brings this motion because Fed. R. Civ. P. 54(d)(2)(B) requires that any motion for attorneys' fees and costs "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Rule 54(a) defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The pending motion is timely because it has been brought within 14 days of the May 1, 2023 Judgment.

Having prevailed on their claims, Plaintiff now seeks an award of reasonable attorneys' fees in the amount of $335,930.00 and costs in the amount of $13,332.35, which are supported by the accompanying declarations and time sheets.

**II.     Argument**

    **A.     The Fees and Costs Plaintiff Seeks Are Permitted by Statute**

The enforcement provisions of Title VII provide: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of costs . . ." 42 U.S.C. § 2000e-5(k).

Similarly, the enforcement provisions of the PHRA provide: "If, after a trial . . . the court . . . finds that a defendant engaged in or is engaging in any unlawful discriminatory practice as

2

defined in this act, the court may award attorneys fees and costs to the prevailing plaintiff." 43 P.S. § 962.

The PFPO also provides for an award of attorneys' fees: "any person aggrieved by a violation of this ordinance shall have a right of action in a court of competent jurisdiction and may recover for each violation . . . reasonable attorney's fees and court costs." Philadelphia Code § 9-110(1)(iii).

Plaintiffs' fees and costs are further permitted by Fed. R. Civ. P. 54(d), which permits a court to award attorneys' fees and costs to a prevailing party. Fed. R. Civ. P. 54(d)(1) and (2). In addition, United States District Court for the Eastern District of Pennsylvania Local Civil Rule 54.1 permits the award of costs. L.Civ.R. 54.1.

While the Court has discretion in awarding reasonable attorneys' fees and costs, it is well settled that a prevailing plaintiff "should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 428 (1983) (quoting S. Rep. No. 1011, 94th Cong. 2d Sess. 2, 4 (1976)); County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001).

### B. Plaintiff is the Prevailing Party

In general, for a party in an employment discrimination or civil rights case to receive its reasonable attorneys' fees and costs, (1) the party must have prevailed; and (2) the fees and costs must be reasonable. 42 U.S.C. § 2000e-5(K); 43 P.S. § 962; Philadelphia Code § 9-110(1)(iii); Fed. R. Civ. P. 54(d); Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000). A party prevails if it "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, 461 U.S. at 433; Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). Succeeding means that a party achieves a

3

court-ordered change in the legal relationship between the plaintiff and the defendant. Buckhannon Bd. & Care Home, Inc. v. W. V. Dep't of Health and Human Resources, 532 U.S. 598, 603-04 (2001). A $18,060.00 damages award constitutes such a change.

Although a court may consider the amount of damages awarded compared to the amount of damages requested as one indication of a plaintiff's degree of success, it "may not diminish counsel fees [in a civil rights action] to maintain some ratio between the fees and the damages awarded." Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006) (quoting Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1041 (3d Cir. 1996)).

Successful Title VII cases achieve an important public purpose. See Albemarle Paper Co. v. Moody, 422 U.S. 405, 415 (1975). Congress intended a Title VII plaintiff to be the "chosen instrument of Congress to vindicate a 'policy that Congress considered the highest priority." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 418 (1978) (quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968)).

Here, Plaintiff Marcellus sought compensatory damages to remedy the loss of severe emotional trauma, pain and suffering, inconvenience and emotional distress including an attempted suicide, that she suffered as a result of the Defendant Tanway's unlawful misconduct. The jury rendered a verdict in favor of Plaintiff Marcellus finding that the Defendant had intentionally sexually harassed Ms. Marcellus during the course of her employment with Defendant. The Court entered judgment for Plaintiff as to liability on all claims under Title VII, the PHRA, and the PFPO—important legal issues. See Christiansburg Garment Co., 434 U.S. at 418 (discussing Title VII's importance). Plaintiff was awarded a total of $18,060.00 in compensatory damages. Ms. Marcellus thus "succeed[ed] on [a] significant issue . . . which

achieved the benefits" Plaintiffs sought in filing suit (Hensley at 433), and achieved a "court-ordered legal change in the relationship" between the City and Plaintiffs (Buckhannon Bd. At 603-04). "Vindication of a Title VII right," and similar rights under the PHRA, and the PFPO, "is significant." Hare v. Potter, 549 F. Supp. 2d 698, 707 (E.D. Pa. 2008).

In addition to the damages award, the judgment Plaintiff obtained achieved the added benefit of informing the Defendant's employees and the public at large that the Defendant sexually harassed Plaintiff in violation of federal, state, and local city law. See Bandau v. State of Kansas, 168 F.3d 1179, 1183 (10th Cir. 1999) (verdict vindicated the plaintiff's Title VII rights, which was in the public's interest and which Congress intended to encourage); Hashimoto v. Dalton, 118 F.3d 671, 678 (9th Cir. 1997) (verdict vindicated plaintiff and prevented others from being discriminated against). The judgment in this case may deter and prevent future discriminatory conduct. Compare Farrar v. Hobby, 506 U.S. 103, 122 (1992) (O'Connor, J. concurring) (no public purpose served where the plaintiff received one dollar because the judgment would not deter future conduct and the conduct to be deterred was not apparent from the verdict). The public entry of a verdict stating Defendant is liable for intentional employment discrimination places Defendant on notice that its conduct was unlawful and will help ensure such deterrence against current and future employees.

Accordingly, Plaintiff is the prevailing party in this case and is entitled to an award of reasonable attorneys' fees and costs.

### D. Defendant's Offer of Judgement is Satisfied

On May 20, 2020, Defendant Tanway served an Offer of Judgement (the "Offer"), pursuant to Ruel 68 of the Federal Rules of Civil Procedure. The Offer states as follows:

> "Defendant … hereby offers to allow judgment to be taken against it in the above-captioned matter by Plaintiff Jane Doe ("Doe"), in

> full satisfaction of all claims asserted by Doe against Tanway, for the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), *inclusive of costs and attorneys' fees accrued to date by Doe*." (Emphasis added).

At the time Plaintiff received the Offer of Judgement from Defendant Tanway, Plaintiff's Counsel had already spent over 101 hours of work equating to $60,060.00 and costs in the amount of $3,100.00. See Exhibit "D" and Exhibit "G." Given that the Jury awarded Ms. Marcellus $18,060 plus the collective attorney's fees and costs accrued by the Plaintiff's lawyers the Derek Smith Law Group accrued as of the date of the Offer vastly exceed the Offer, it is of no effect.

The Courts have addressed this exact situation, down to the dollar amount proposed in the Offer. The Supreme Court has held that "the term 'costs' in Rule 68 includes attorney's fees." Marek v. Chesny, 473 U.S. 1, 7 (1985). "When a parties' agreement is silent as to whether the prevailing party may receive attorney's fees and costs or whether the prevailing party has waived that possibility, the Third Circuit favors a presumption on behalf of the prevailing party's entitlement to fees and costs, especially in the context of civil rights litigation. See El Club Del Barrio v. United Cmty. Corp., 735 F. 2d 98, 100 (3d Cir. 1984) ("a prevailing party should ordinarily recover an attorney's fee unless special circumstances render an award unjust") (citations omitted); see also Torres v. Metropolitan Life Ins. Co., 189 F.3d 331, 334 (3d Cir. 1999).

Furthermore, in Townsend, the defendants served a Rule 68 Offer of Judgement in the amount of $50,000, which was *inclusive* of fees and costs to date. Townsend v. Benjamin Enterprises Inc., 679 F.3d 41, 46 (2d Cir. 2012). Similarly, the jury in *Townsend* returned a verdict of $30,400, an award on its face that appeared to be below the offer made by the defendants. Id. at 47. The Second Circuit affirmed the lower court's decision to award post-Offer

6

costs and fees, recognizing that "a prevailing plaintiff may not recover from the defendant attorney's fees and costs accrued after the Offer of Judgement is served if *the Offer exceeds the sum of the Plaintiff's ultimate recovery plus the amount of fees and costs accrued by plaintiff as of the time of the Offer*." Id. at 58 (emphasis added); See also Rivera v. Corporate Receivables, Inc., 540 F.Supp.2d 329, 334 (D.Conn.2008). The Second Circuit went on to state that "the amount of pre-offer fees and costs, in combinations with the plaintiff's ultimate recovery, exceed[ed] the Rule 68 Offer…, the district court was correct to award fees and costs incurred *both before and after* the Rule 68 Offer." Townsend, at 59-60 (emphasis added); See also Anderson v. County of Suffolk, Civ. No. 09-1913, 2016 WL 1444594, at *11 (E.D. NY Apr. 11, 2016).

As was the case in Townsend, the Defendant herein was clear and unwavering in its choice of language when proffering the Offer. The Offer unequivocally considered the inclusion of "costs and attorneys' fees," leaving no room for interpretation of their intentions. See Sampson v. Embassy Suites, Inc., et al, Civ. No. 95-7794, 1998 WL 726649, at *1 (E.D. Pa. Oct. 16, 1998) ("A defendant may make a lump sum Rule 68 offer to settle a civil rights or other claim *entitling a prevailing party to attorney's fees.* […] If this is the defendant's intent, however, he must clearly specify that the offer includes attorney's fees.") (Emphasis added).

In the present case, the jury awarded Ms. Marcellus $18,060 in damages after a lengthy trial. As demonstrated in the annexed exhibits, as of May 20, 2020, Ms. Marcellus incurred more than $63,160.00 in combined attorney's fees and costs. Because Ms. Marcellus has defeated the offer, it has no impact on the Court's ability to resolve and award Plaintiff's application for attorneys' fees and costs. Any effort by the Defense to assert otherwise should be summarily rejected based on its misinterpretation of the law applicable to Federal Rules of Civil Procedure.

## C. The Fees and Costs Plaintiff Seeks Are Reasonable

Plaintiff's counsel should be awarded full recovery because the fees and costs they seek are reasonable and were necessary to achieve a successful result. Courts in the Third Circuit calculate attorneys' fees pursuant to the "lodestar" approach, which multiplies the time reasonably expended by reasonable hourly rates and adds the reasonable costs of litigation. Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000).

When determining a reasonable hourly rate in any particular case, the usual starting point for the court is the attorney's own normal billing rate. Maldonado v. Houstoun, 256 F.3d 181, 184-85 (3d Cir. 2001) (citing Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1185-86 (3d Cir. 1995)). A rate that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation . . . is normally deemed to be reasonable . . ." Blum v. Stenson, 465 U.DS. 886, 896 n.11 (1984); Washington, 89 F.3d at 1035. The prevailing rates in a community, however defined, is but one factor a court should consider in determining reasonable fees. Indeed, in a plurality opinion, the Supreme Court has identified twelve factors to consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

City of Riverside v. Rivera, 477 U.S. 561, 567-68 n.3 (1986) (Brennan, J., joined by Marshall, Blackmun, and Stevens, JJ.).

In this case, (1) the time and labor required is reflected in Plaintiff's counsel's time records; (2) the questions raised, namely as to whether Ms. Marcellus was an employee or applicant are novel in this District and Circuit; (3) counsels' skill has been attested to in supporting declarations; (4) the lawyers working on this matter of necessity were unable to work on other matters during the hours devoted to this case; (5) Plaintiff's counsel charged their customary rates; (6) the lawyers assumed the risk of taking this case on contingency; (7) the lawyers were subjected to severe time constraints in the months leading up to the trial; (8) Plaintiffs' counsel achieved a favorable result of $18,060.00; (9) the experience, reputation and ability of the lawyers is discussed below and the attached declarations; (10) counsel has had a relationship with Plaintiff for more than five years; and (12) the requested fee is commensurate with awards in similar cases.

The party seeking an award of fees should submit evidence, in addition to the attorney's own sworn statements, supporting the hours worked and rates claimed. Washington, 89 F.3d at 1035. The burden then shifts to the opposing party to assert specific challenges to the requested fees. See Rode, 892 F.2d at 1183. The relevant market rate is at the time of the fee petition, not the rate when the services were performed. Lanni v. State of N.J., 259 F.3d 146, 149-50 (3d Cir. 2001) (citing Rode, id.).

The Third Circuit has adopted the "forum rule," pursuant to which, "in most cases, the relevant rate is the prevailing rate in the forum of the litigation." Interfaith Community Organization v. Honeywell Internat'l, Inc., 426 F.2d 694, 705 (3d Cir. 2005). The attorneys' fee schedule determined by Community Legal Services, an organization composed primarily of attorneys representing all segments of the Philadelphia Bar, provides the prevailing rate in the

Eastern District of Pennsylvania. Middlebrooks v. Teva Pharmaceuticals USA, Inc., 2019 WL 936645, at *11 (E.D. Pa. Feb. 26, 2019).

The Court must also determine whether the number of hours spent on the litigation was reasonable. The Court "should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). To meet their initial burden of proving that the requested fees are reasonable, the attorney must submit evidence of the hours worked that is "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." Washington, 89 F.3d at 1037. To be specific enough, a petition must be "fairly definite . . . as to the hours devoted to general activities, e.g., pretrial discovery, settlement negotiations . . . However, it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted." Id. at 1037-38 (citing Rode, 892 F.2d at 1190). Further, there is no requirement "that records be kept by task – e.g., for each motion, issue or part of the case." Id. at 1038.

Once the moving party has met this initial burden "[t]he party opposing the fee award then has the burden to challenge the reasonableness of the requested fee, by affidavit or brief with sufficient specificity to give the fee applicant notice of the objection." E.E.O.C. v. Fed. Express Corp., Civil Action No. 1:02-cv-1194, 2005 WL 6073699, at *15 (M.D.Pa. Jan. 18, 2005) (Kane, J.).

    **1. Plaintiffs' Counsel Possesses Exceptional Knowledge of the Law of Employment Discrimination and Civil Rights Litigation.**

The law governing equal access to employment is a highly specialized field. As stated in their respective declarations, Ms. Miller, Mr. Smith and Mr. Peckham each have extraordinary

and unique in-depth experience pursuing relief for violations of state and federal laws against discrimination in employment. A copy of the Declaration of Ms. Miller ("Miller Dec.") is attached as Exhibit A; and a copy of the Declaration of Mr. Smith ("Smith Dec.") is attached as Exhibit B; and a copy of the Declaration of Mr. Peckham ("Peckham Dec.") is attached as Exhibit C. Ms. Miller, Mr. Smith and Mr. Peckham have served as lead counsel in multiple civil rights cases focusing on the rights of people of diverse backgrounds to participate in employment. Pursuant to Benjamin, Plaintiff is entitled to recover counsel's fees at their regular rates since the specialized knowledge and experience of Plaintiff's counsel in employment discrimination cases was essential to Plaintiff's success.

### 2. Plaintiffs' Counsel's Billing Rates Are Reasonable and the Work Performed Was Necessary to Achieve the Successful Result.

The rates sought by Plaintiff's for her attorneys' work are reasonable based upon the highly specialized experience of the attorneys representing her. Additionally, it is not customary for a court to reduce counsel's hourly rates when counsel seeks compensation under the Civil Rights Act. See, e.g., Benjamin, 807 F.Supp.2d at 212 (finding that rates were reasonable in light of the highly specialized experience of the attorneys). Plaintiff seeks hourly rates of $500 for Ms. Miller, and $800 for Mr. Smith, and $350 for Mr. Peckham. These are the regular rates charged for these lawyers in Philadelphia/Nationwide in 2023. Plaintiff's counsel's billing rates are reasonable in light of the attorneys' expertise, and the work performed was necessary to protect Plaintiff's rights. In fulfilling their duties in this matter, Plaintiff's counsel undertook prelitigation administrative agency requirements, protracted motions practice, extensive pretrial discovery, six (6) depositions, hundreds of pages of document review, legal research, legal writing, hearing preparations, oral arguments, trial preparation, and trial, including the presentation of evidence from seven (7) witnesses and experts. Plaintiff's counsel's time records,

which are attached as Exhibits "D" (Miller Time Records), and "E" (Smith Time Records), and "F" (Peckham Time Records) reflect the actual work performed in this matter. Plaintiff's counsel's incurred recoverable costs are itemized and attached as Exhibit "G."

Having prevailed on her claims, Plaintiff now seeks an award of reasonable attorneys' fees in the amount of $335,930.00 and costs in the amount of $13,332.35.

### III. Conclusion

As Abraham Lincoln wrote, "The matter of fees is important, far beyond the mere question of bread and butter involved. Properly attended to, fuller justice is done to both lawyer and client." Abraham Lincoln, *Notes for a Law Lecture*, Speeches and Writings 1832-1858, p. 246 (Don E. Fehrenbacher, ed., 1989). For all the foregoing reasons, Plaintiff Tamiah Marcellus respectfully request that her motion be granted and that the Court enter an order in the form proposed.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

Dated: May 12, 2023

*/s/ Caroline H. Miller, Esquire*
Caroline H. Miller, Esquire
*Attorneys for Plaintiffs*

**DEREK SMITH LAW GROUP, PLLC**
CAROLINE H. MILLER, ESQUIRE
Attorney ID No. 321420
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
caroline@dereksmithlaw.com
*Attorneys for Plaintiff Tamiah Marcellus*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAMIAH MARCELLUS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:19-cv-05925-ER |
| v. | : | |
| | : | **Certificate of Services** |
| TANWAY ENTERPRISES, L.P., | : | |
| | : | |
| Defendant. | : | |

I, Caroline H. Miller, Esquire, certify that on this date, I served Plaintiff's Motion for an Award of Reasonable Attorneys' Fees and Costs upon all counsel by filing on ECF.

**DEREK SMITH LAW GROUP, PLLC**

Dated: May 12, 2023

*/s/ Caroline H. Miller, Esquire*
Caroline H. Miller, Esquire
*Attorneys for Plaintiffs*

1